[Sac. No. 620.   Department Two.—September 28, 1900.]

L. C. POPE, Appellant, v. FARMERS' UNION AND MILLING COMPANY, Respondent.

WAREHOUSE RECEIPT—CONTRACT TO RETURN WHEAT—EXCEPTION—"DAMAGE BY THE ELEMENTS"—ACT OF GOD.—A warehouse receipt for wheat, agreeing to deliver it, "damage by the elements excepted," upon surrender of the receipt and payment of storage charges, creates an absolute liability to return the wheat, unless prevented by the act of God. "Damage by the elements" is the equivalent of the phrase "act of God."

ID.—FIRE OF INCENDIARY ORIGIN—RECOVERY OF VALUE OF WHEAT.— Wheat destroyed or damaged by a fire of incendiary origin is not destroyed or damaged by the act of God. The owner is entitled to recover the value of the wheat so destroyed or damaged.

ID.—ABSENCE OF NEGLIGENCE OF WAREHOUSEMAN—DEFENSE.—The absence of negligence on the part of the warehouseman is no defense to an action to recover the value of the wheat destroyed by an incendiary; and it is not required to be shown that the warehouseman was negligent.

ID.—BURDEN OF PROOF.—Where no issue was raised as to the existence of the contract, the plaintiff need not produce any proof; but it was incumbent upon the defendant to prove that the wheat was in fact destroyed or damaged by the elements.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

J. G. Swinnerton, for Appellant.

Woods & Levinsky, and Nicol & Orr, for Respondent.

HENSHAW, J.—Plaintiff sued to recover from defendant the value of certain wheat deposited under the terms of the following written contract:

"Stockton, Cal., July 31, 1897.

"Received of Mrs. L. C. Pope, in the Eureka warehouse, situated on Levee street, Stockton, the following described merchandise, which we agree to deliver (damage by the elements excepted) upon the surrender of this certificate and payment of charges, twenty-seven hundred seventy-six sacks wheat, weighing three hundred eighty-three thousand one hundred forty-six pounds. Rates of storage, seventy-five cents per ton for the season ending June 1, 1898. 2,776 sacks wheat weighing 383,146. Room 6. Pile No. 67. Mark: L. C. P."

The complaint alleged a demand upon the defendant for the return of the wheat and its failure to comply therewith. The answer of defendant did not deny the existence of the contract, but pleaded that through no negligence upon its part the major portion of the wheat was destroyed by fire, and the rest of it so badly damaged as to be of small value, and offered to restore to plaintiff the damaged wheat in its possession, and the value of such portion of the damaged wheat as it had already sold. Under these pleadings a trial was had before a jury. The plaintiff rested her case without the introduction of any evidence. The evidence for the defense, which was admitted without objection by plaintiff, showed that the warehouse was destroyed by fire, and that the fire was of in-

cendiary origin. The court instructed the jury, generally, that plaintiff could not recover if it were not shown that defendant was negligent. Verdict passed for defendant, judgment in its favor followed the verdict, and from that judgment, and from an order denying her a new trial, plaintiff appeals.

By its written contract defendant promised absolutely to return the wheat to plaintiff upon surrender of the certificate, "damage by the elements excepted." "Damage by the elements" is the equivalent of the phrase "act of God." (*Polack v. Pioche*, 35 Cal. 416[1]; *Chidester v. Consolidated etc. Co.*, 59 Cal. 202; *Fay v. Pacific Imp. Co.*, 93 Cal. 253, 261.[2]) As no effort was made by defendant to reform this contract in any way, it must stand, so far as this case is concerned, exactly as it was written; and, so construing it, it is open to but one interpretation, namely, that defendant's liability to return the wheat was absolute, unless it was prevented from so doing by the act of God. Under this construction of the contract it was no defense for defendant to say, or to show, that the wheat was destroyed without negligence upon its part. It was incumbent upon it to show that the wheat was in fact destroyed or damaged by the elements. The evidence which it adduced tended merely to prove that the fire was of incendiary origin, and thus absolutely to negative the idea that the destruction of the grain was caused by the act of God.

The judgment and order are therefore reversed and the cause remanded.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.

---

[1] 95 Am. Dec. 115.                    [2] 27 Am. St. Rep. 198.