[Civ. No. 2400. Second Appellate District, Division One.—April 4, 1919.]

C. F. MORSE et al., Partners, etc., Appellants, v. IMPERIAL GRAIN AND WAREHOUSE COMPANY (a Corporation), Respondent.

[1] WAREHOUSES—LIABILITY OF WAREHOUSEMAN—RIGHT TO LIMIT BY PROVISION IN RECEIPT.—In view of the provisions of section 3 of the "Warehouse Receipts Act" (Deering's Gen. Laws 1915, p. 2022), a warehouseman, by the insertion of a provision in his warehouse receipt that goods are deposited "for account and at the risk of" the depositor, cannot relieve himself from the liability imposed by section 21 of the act, which provides that a warehouseman shall be liable for any loss or injury to goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise.

[2] ID.—INCREASED LIABILITY BY CONTRACT.—While a warehouseman cannot exempt himself from the liability thus imposed by law, he may by special contract assume liability for loss of goods due to any cause, thus making himself an insurer thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. R. McNamee, Leo A. McNamee, Luke J. McNamee and Parke Godwin for Appellants.

Albert M. Norton and Emery & Rehart for Respondent.

SHAW, J.—Action to recover for 12 sacks of wool deposited with defendant as a warehouseman and which defendant failed to redeliver on demand therefor.

Judgment went for defendant, from which and an order denying a motion for a new trial made by plaintiffs, they appeal.

The case was submitted for decision upon an agreed statement of facts, the material parts of which are as follows: "The respective parties hereto . . . agree npon the following statement of facts, and submit the same to the court for the determination of the points in controversy hereinafter specified. The facts agreed upon are as follows: 1. The defendant is . . . a public warehouseman. 2. The plaintiffs . . . did, on April 15, 1916, duly deliver to defendant as such warehouseman, 69 sacks of wool for storage, which defendant agreed to receive, keep and store in its warehouse in the city of El Centro . . . in accordance with the following warehouse receipt," which receipt, in addition to the matters required to be specified therein by section 2 of "An act to make uniform the law of warehouse receipts," stated the wool was received *"for account and at the risk of Morse & Brackenberry"*; and also contained a provision that: "The Imperial Grain and Warehouse Company is not responsible for loss occasioned to the merchandise stored with them, by fire or elements." "4. On July 5, 1916, plaintiffs duly demanded a redelivery of said 69 sacks of wool, and then and there offered to pay defendant the full amount of its storage charges thereon. 5. Upon such demand defendant redelivered 57 sacks thereof, but failed and refused to redeliver the remaining 12 sacks thereof, giving as a reason therefor that the 12 sacks, on some date unknown, had disappeared, or were stolen from its said warehouse, without any fault or carelessness, misconduct, or negligence of defendant, or its servants or either of them, and through no lack of ordinary care or diligence on the part of the defendant or its servants and while defendant was using ordinary care and diligence, which plaintiffs contend is no defense to this action, even if true." By the stipulation, "the points in controversy" as specified for submission to the court for its determination were: "1. Is not the liability of the defendant absolutely fixed by the provisions of its warehouse receipt above set out?" 2. Under the rule of *"expressio unius est exclusio alterius,"* does not the provision exempting defendant from loss due to fire or the elements estop it from making any defense other than that the goods were so lost? 3. Is defendant's liability restricted to such

loss only as resulted from the want of ordinary care and diligence? It was further provided that if the court upon the "above statement" should find for plaintiffs, judgment should follow in their favor; otherwise it should be for defendant.

An act of March 19, 1909, entitled "An act to make uniform the law of warehouse receipts" (Deering's Gen. Laws 1915, p. 2022), requires all receipts to embody certain provisions, and section 3 of said act provides that a warehouseman may insert in a receipt any other terms and conditions, provided that such terms and conditions shall not "in any wise impair his obligation to exercise that degree of care in the safekeeping of the goods intrusted to him which a reasonably careful man would exercise in regard to similar goods of his own." And section 21 of said act provides that a warehouseman shall be liable for any loss or injury to goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he *shall not be liable, in the absence of an agreement to the contrary,* for any loss or injury to goods which could not have been avoided by the exercise of such care.

[1] Counsel for both parties, as they must, concede the receipt should be interpreted in the light of the provisions of the act from which we have quoted. This being true, provisions having for their purpose the exemption of a warehouseman from liability which the law in express terms imposes upon him, cannot be deemed effectual for any purpose. Hence it follows that defendant could not by the provision, "for account and at the risk of Morse & Brackenberry," so inserted in the receipt, relieve itself from liability for loss of the goods if such loss resulted from a want of ordinary care and diligence exercised by it. [2] To this extent the law protects one who for hire deposits his goods for storage with a warehouseman who, while he cannot in any case exempt himself from the liability imposed by law, may by special contract assume liability for loss of goods due to any cause, thus making him an insurer thereof. However, there is nothing whatever in the receipt before us upon which such additional liability can be predicated.

In support of their argument for reversal, appellants cite a number of cases to the effect that, since the provision, "for account and at the risk of Morse & Brackenberry," is to be

disregarded, and since the loss of the goods was not due to fire or the elements, the contract should be construed as an absolute promise on the part of defendant to redeliver the goods, as was held in the case of *Pope* v. *Farmers' Union Milling Co.,* 130 Cal. 139, [80 Am. St. Rep. 87, 53 L. R. A. 673, 62 Pac. 384]. In that case a number of sacks of wheat were received by a warehouseman upon an agreement to redeliver the same, subject alone to loss due to the elements. It was held that a failure to deliver the goods for any cause other than that they were destroyed by the elements constituted no defense. That case and others to like effect were decided prior to the adoption of the act of 1909 and at a time when the extent of a warehouseman's liability was the unrestricted subject of special contract.

The question as to whether defendant was guilty of negligence in the care of the wool must be determined from the facts agreed upon, which the trial court construed as a stipulation that the theft or loss of the goods was not due to negligence or want of ordinary care on the part of defendant, and that as custodian thereof it had exercised ordinary care. Construed in the light of the surrounding circumstances, and having in view the purpose which prompted it and the points submitted for determination, there can be no doubt that it was intended as an admission by plaintiffs that the loss of the goods, as alleged in the answer, was not due to carelessness or negligence of defendant, and that as custodian thereof it had exercised ordinary care. Otherwise construed, there could be no purpose in inserting defendant's reasons for failure to redeliver the 12 sacks of wool, which, as stated, *"plaintiffs contend is no defense to this action, if true."* That such was the intent appears from appellants' brief, wherein counsel, in referring to the language quoted, says: "In framing such clause plaintiffs had in view the decision of this court in *Pope* v. *Farmers' Union Milling Co.,* 130 Cal. 139, [80 Am. St. Rep. 87, 53 L. R. A. 673, 62 Pac. 384]." Clearly, the case was submitted to and decided by the trial court upon the theory that the fact as to whether defendant was negligent in the care of the wool was immaterial; that conceding it had exercised ordinary care, nevertheless, since the goods were not destroyed by fire or the elements, it was, as decided in *Pope* v. *Farmers' Union Milling Co., supra,* bound upon demand

therefor to make delivery thereof. The effect of the stipulation, taken in connection with plaintiffs' action thereunder, was to concede that defendant was not chargeable with negligence or want of ordinary care, which, upon their theory, constituted no defense to the action.

Since no appeal lies from the order denying the motion for a new trial, it is dismissed. The judgment is affirmed.

Conrey, P. J., and James, J., concurred.