[Civ. No. 3125. Second Appellate District, Division One.—May 28, 1920.]

MARION W. CHASTEK et al., Respondents, v. FRED S. ALBERTSON et al., Appellants.

[1] BAILMENTS—POSSESSION OF AUTOMOBILE FOR PURPOSE OF APPRAISE-MENT—FAILURE TO EXERCISE ORDINARY CARE.—Where plaintiff delivered his automobile into the possession of defendants that they might appraise the same and determine what allowance would be made as a credit on the purchase of a machine which they were seeking to sell to plaintiff, ordinary care was required to be exercised by defendants in protecting plaintiff's property; and where one of the defendants, who was familiar with the lock with which the car was equipped and for which he had the key, took the machine into the business section of a large city and left it unattended and unlocked, and it was stolen, he failed to exercise ordinary care.

[2] ID.—FAILURE TO REDELIVER CAR UPON DEMAND—ACTION FOR DAMAGES—PLEADING—JUDGMENT.—Where the allegations in plaintiff's

complaint in an action against the defendants because of their
failure to return such automobile upon demand to which no de-
murrer was interposed, while in general form, were appropriate to
an action for conversion, and facts were alleged which showed
that a bailment had been created and that the defendants refused
to redeliver the property upon demand, the court was authorized
to award plaintiff judgment for the amount it found represented
the value of the machine.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Overton, Lyman & Plumb, Wm. B. Himrod and George
W. Prince, Jr., for Appellants.

Edward Brody and Charles A. Bank for Respondents.

JAMES, J.—Appeal by defendants from a judgment en-
tered in favor of the plaintiffs by which an award was
made for the value of an automobile.

In the complaint it was alleged that appellant Albertson
was engaged in business under the name of Albertson Motor
Company; that plaintiff Chastek was the owner of an auto-
mobile. This allegation followed: "That at the city of Los
Angeles, state of California, and on or about the fourth
day of May, 1918, the plaintiff Marion W. Chastek, at
the special instance and request of the defendants, and each
of them, placed the said automobile in the possession of
the defendants, and each of them, as bailees, and subse-
quently thereto on the same day plaintiff Marion W. Chas-
tek demanded the return of the said automobile of the said
defendants, and each of them, and the defendants, and each
of them, failed, neglected and refused and still fail, neglect
and refuse to return the said automobile to plaintiff Marion
W. Chastek to the damage of the plaintiffs in the sum of
$574." There was the further allegation that prior to the
commencement of this action Chastek had assigned to his
coplaintiff a one-half interest in the claim; and the prayer
was for the recovery of $574. Defendants, after making
denial of the material allegations of the complaint, further
answered, alleging that at the request of Chastek, defend-
ants had taken possession of the automobile described in the

complaint for the purpose of examining and appraising the same and determining the amount that they would allow as a credit in part payment on a new motor car which plaintiff Chastek contemplated buying from defendants. The defendants alleged that while the automobile was in their possession for the purposes last set forth, the same was, without fault or negligence on their part, stolen and taken from their possession. In determining the first point as to whether the judgment is warranted by the evidence, we will consider the testimony, as we must, in its most favorable aspect toward the plaintiffs. **[1]** The plaintiff testified that he went to the place of business of the defendants with the idea of purchasing an automobile of which the defendants were the vendors; that he desired to "turn in" the Ford automobile which he owned, and defendants desired to "try out" the Ford automobile before finally determining what allowance would be made as a credit on the purchase of the machine which they were seeking to sell to the plaintiff. Plaintiff testified, in part, as follows: "When I came to Albertson's place of business I locked the car. When Mr. Hoover took the car to try it out I handed him the key. I don't think I unlocked the car for Mr. Hoover. I handed Mr. Hoover the key. Mr. Rall, the salesman, suggested that Mr. Hoover, the appraiser, try the Ford out, to see if they could allow me more than $450. So Mr. Hoover took the Ford in order to appraise it. I saw Mr. Hoover leaving the place of business with my car, and I saw him again that day after the machine was stolen, when he came back to the Albertson Motor Company." On the part of the defendants, Hoover, the appraiser, testified that he took Chastek's machine, ran it into the central portion of the city of Los Angeles, and left it at the curb while he entered an office building to interview a man who desired to buy a Ford automobile of similar style and equipment to that of the plaintiff; that he was gone five or six minutes; when he returned the machine had been stolen. He testified further: "I don't know whether Mr. Chastek gave me the key to the car,— either he gave me the key or else he had left the car unlocked, because it was a Rex lock, and you can't take the key out unless you locked the car; so he either left it unlocked while he was there or else he gave me the key. I

don't remember. Mr. Chatsek either gave me the key to the car or I went out and found the key in the lock of the car. I do remember that I did not lock it when I got out.'' In arriving at a conclusion as to whether defendants, in view of the fact that the car was stolen, incurred any liability to Chastek, the question arises as to what degree of care was required to be exercised by them in the circumstances. Appellants contend that the bailment was gratuitous; hence that a slight degree of care only was required of them; and that the evidence did not show that they were guilty of gross negligence. The court determined that the bailment was for the mutual benefit of Chastek and defendants, and hence ordinary care was required to be exercised by the latter in protecting Chastek's property. We agree that this conclusion was the correct one to be drawn. The defendants received the automobile of Chastek in the course of the negotiation for a machine which they desired to sell to Chastek, and that they would be benefited by the transaction was only contingent upon an amount being agreed upon as a credit to be allowed Chastek which would be satisfactory to both sides. We think that the court was justified in concluding that ordinary care was not used for the protection of Chastek's automobile while it was in possession of the defendants. The machine was equipped with a lock, as to the operation of which Hoover, one of the defendants and the man who took charge of the machine appeared to be familiar. Chastek delivered the key of the lock to Hoover, and when he turned the machine over in front of the place of business of the defendants the lock was fastened. Hoover took the automobile into the business section of a large city, left it unattended and unlocked, and it was stolen. With very simple means at hand by which the machine could have been made more secure in the place where he left it, Hoover omitted altogether to make use of this means. It would seem to be clear beyond question that such act of his by no means satisfied the requirement of ordinary care.

[2] Neither do we think there is merit in the contention of appellants that the action as framed by the complaint was not appropriate to permit a recovery by the plaintiffs. While in general form the allegations were appropriate to an action for conversion, facts are alleged which show that

a bailment had been created and the refusal of the defendants to redeliver the property upon demand. Under the circumstances of this case, we feel well satisfied that in taking control of the automobile of Chastek, defendants assumed the obligation of a depositary. It was their duty, upon demand, to redeliver the same to plaintiff, in default of which they would become liable for the value of the property. (Civ. Code, sec. 1822.) The case assumed no different aspect in regard to the legal relation than that of the ordinary warehouse contract, in which cases action for the property itself or its value has been assumed to be the proper remedy. (*Morse* v. *Imperial Grain & Warehouse Co.*, 40 Cal. App. 574, [181 Pac. 815]; *Pope* v. *Farmers' Union Milling Co.*, 130 Cal. 139, [80 Am. St. Rep. 87, 53 L. R. A. 673, 62 Pac. 384].) The case of *Poggi* v. *Scott*, 167 Cal. 372, [51 L. R. A. (N. S.) 925, 139 Pac. 815], cited by appellants, is not, we think, inconsistent with the view here expressed. No damages were claimed herein beyond the value of the automobile which was lost, and the court expressly found that value to be the sum of $500, for which judgment was awarded. No demurrer was interposed to the complaint; hence any special objections which might have been urged as to the completeness of the allegations thereof have been waived.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.