## Savin v. Butler.

*Pawnbrokers—Pledge as bailment for mutual benefit—Burden on bailee to prove care—Testimony as to robbery insurance carried by bailee, admissible—Cross-examination of defendant as to recent robberies in vicinity.*

1. A pledge given to a pawnbroker as security for a loan on which interest and storage are charged is a bailment for mutual benefit, and in case of loss of the pledge, the burden rests upon the bailee to show due care on his part to keep the goods.

2. In an action by a pledgor against a pawnbroker to recover for the loss of pledged property, taken by robbers, testimony as to the amount of insurance carried by the defendant is admissible as bearing on the question of good faith and due care on the part of the pledgee.

3. In such case it is not error to permit the defendant to be cross-examined on the subject of robberies in general in and about the city for a period of four or five months preceding the robbery of defendant's place, as such conditions bear on the care required by defendant, under the circumstances, relative to valuables in his possession.

(Decided January 28, 1924.)

Error: Court of Appeals for Hamilton county.

*Messrs. Pogue, Hoffheimer & Pogue* and *Mr. J. A. Culbertson,* for plaintiff in error.

*Messrs. Knight & Phares,* for defendant in error.

Hamilton, J. The defendant in error, plaintiff below, brought an action against the plaintiff in

[1]Bailments, 6 C. J. § 160; Pawnbrokers, 30 Cyc. p. 1164; Pledges, 31 Cyc. p. 828; [2] Bailments, 6 C. J. § 162; [3] Id.

error, defendant below, to recover the value of two rings, delivered as a pledge to plaintiff in error, who was a pawnbroker.

The petition pleaded the delivery of the property by the plaintiff, Butler, to defendant, Savin, a pawnbroker, as a pledge; pleaded the amount of the loan for which the pledge was secured, the amount to be paid by way of interest and storage, the agreement to return the pledged property upon repayment of the loan, the agreement to safely keep, the tender of the amount of the loan, and the refusal to return the pledged property. A copy of the contract of pledge was attached to the petition as an exhibit.

The answer admitted the delivery of the property by way of pledge as security for repayment of the amount loaned, together with interest and storage charges, and followed these admissions with a general denial. The answer, as a defense, set up that while the property was being held by defendant as security, and was being cared for the same as property of the defendant of far greater value than plaintiff's property, without any carelessness or misconduct of the defendant or his servants, the said rings, together with property of this defendant of much greater value than the property of plaintiff, were taken by robbers at the point of a revolver, on March 23, 1922, and thereby without fault of the defendant or his servants said rings became lost to plaintiff.

The defendant further, by way of cross-petition, alleged that the sum of $105 loaned to the plaintiff was still due and unpaid, and asked judgment on

the cross-petition for that sum, with interest and costs.

Plaintiff filed a reply to the answer and an answer to the cross-petition, bringing the issues to a close.

It appears from the record that the defendant, Savin, operated a pawnshop at No. 36 East Sixth street, Cincinnati, Ohio. The show window occupied about half of the width of the front, and glass doors occupied the other half. A passage way ran between the display cases, and against the back wall of the room was a square, iron safe, about six feet high and five feet wide, which could be seen from the street. The plaintiff's rings were kept in this safe, together with other pledged property and property of the defendant. On the morning of March 23, 1922, about ten a. m., the doors of the safe were standing open, and the combination of the vault or strong box had been worked, so that all that was necessary to be done to get at the strong box was to turn the levers and open the door. On this morning, about ten o'clock, robbers entered the store, and, at the point of revolvers, took a large amount of Savin's own property, together with much pledged property from the safe, a part of the pledged property taken being the two rings in question.

A trial was had to a jury, resulting in a verdict for the plaintiff, Butler, for the value of the rings, less the amount loaned thereon.

From that judgment, the defendant, Savin, prosecutes error to this court, seeking a reversal, claiming prejudicial error in the following respects:

1. In permitting testimony to be adduced, over

the objections of the defendant, respecting the amount of insurance carried by defendant, the amount of insurance collected by the defendant not on the property of the plaintiff, and whether or not any of the insurance collected was apportioned to plaintiff's account.

2. In permitting the defendant to be cross-examined, over the objection of defendant's counsel, on the subject of robberies in general in the city of Cincinnati and vicinity for a period of four or five months preceding the robbery of defendant's place, and in permitting plaintiff's counsel to introduce newspaper reports on the subject of alleged robberies through a pretense of refreshing defendant's memory on the subject.

3. That the tender was not *in curia*.

4. Improper instructions in the charge of the court.

5. Did the defendant exercise ordinary care?

It is urged that the testimony as to the insurance carried by defendant was improper, as there is no requirement on the part of the bailee to carry insurance on the bailed property; further, that the bailee is not an insurer of the pledged property.

Apropos to the discussion of this question we might observe that the defendant in error in the brief argues that while the pawnbroker is not ordinarily an insurer of pledged property he may make himself liable as an insurer by his contract, and urges that the contract in this case, attached to the pleadings as an exhibit, and introduced in evidence, makes the defendant Savin an insurer of pledged property, except in case of loss by fire or

burglary, and relies on the statement in the contract as follows:

"Samuel Savin not to be held accountable in case of fire or burglary."

This proposition, we presume, is urged under the rule *expressio unius est exclusio alterius.* While there is good authority to sustain this position, we do not find it necessary to determine the question in this case. In fact the case of *Morse* v. *Imperial Grain & Warehouse Co.,* 40 Cal. App., 574, 181 Pac., 815, and relied upon by counsel for plaintiff in error as an authority, holds that in the absence of statutory laws relating to warehouseman the rule above stated would apply, and quotes the decision of *Pope* v. *Farmers Union Milling Co.,* 130 Cal., 139, where it was held that a contract of this character should be construed as an absolute promise on the part of the defendant to redeliver the goods, but further held that under the warehouseman statutes this rule no longer obtained in warehouse cases.

Whether or not the statutes relating to warehousemen apply in the instant case we need not determine.

This was a bailment for mutual benefit. The pledge was given as security. Interest and storage were charged. It is only necessary to apply the law of bailment to the case. The trial court properly ruled that the burden was upon the bailee, Savin, to show due care on his part to keep the goods. *Davidson* v. *Graham,* 2 Ohio St., 132; *T. & O. C. Ry. Co.* v. *Ambach,* 10 C. C., 490.

The question of the admissibility of the testimony as to the insurance carried by the bailee,

Savin, is determined in the rule as to the degree of care required in such cases.

The case of *Griffith* v. *Zipperwick & Lodge,* reported in 28 Ohio St., 388, in the third paragraph of the syllabus, lays down the rule covering this question:

"Good faith requires, generally, that such a bailee should keep the goods intrusted to him, with as much care as he ordinarily keeps his own, of the same kind. And he should also keep them with such degree of care as is reasonable with reference to the nature of the goods, and the particular circumstances of the bailment."

On page 401 of the opinion, the court says:

"The degree of care due from the depositary depends upon circumstances, such as the nature and quality of the goods bailed, and the character and customs of the place where they are to be kept. The duty devolved upon the bailee by a mere deposit is thus stated generally by Justice Blackstone: 'He is to keep the goods as his own, and if robbed of them, or they are stolen without his fault, he is not responsible. But he must observe a reasonable degree of care, as in other cases, with reference to the nature of the goods, and the particular circumstances of the bailment.' 2 Black. Com., 453."

The court continues:

"He is bound, as are the parties to all contracts, to the exercise of good faith; and if he keeps the goods intrusted to him with less care than he keeps his own, of the same kind, this is a circumstance from which a jury might well infer a want of good faith; but the keeping of them as his own, is, as

was said by Lord Holt, an argument of his honesty.''

The above was a bailment of mere deposit, and this seems to have been the rule under which the court submitted the question to the jury.

It is claimed by the plaintiff in error, in the brief, that the view of the court, that the degree of care which the pledgee gives to his own property is a proper criterion, is erroneous, and it is urged that this degree of care is not a proper criterion.

The testimony as to insurance was admitted by the court as bearing on the question of good faith and due care. Under the case of *Griffith* v. *Zipperwick, supra*, this evidence was admissible for that purpose. The case under consideration is a bailment for hire. The degree of care would be greater in this case than in case of a mere deposit. If error was committed by the court in stating the rule to the jury, that the criterion is the care which the pledgee gives to his own property, that error favors the plaintiff in error here, and he cannot complain. In other words, the court limited the duty required in the exercise of due care to a less degree than required under the law.

The second specification of error goes to the question of permitting the cross-examination of the defendant on the subject of robberies in general, and the introduction of newspaper reports on the subject of robberies.

There was testimony of a detective, defendant's witness, that there had been a number of robberies in the vicinity of Cincinnati in the six months period preceding the Savin robbery. Savin tes-

tified that he knew robberies had occurred in the past, and always would, and that through his reading of the newspapers, and from reports of detectives, he would probably know more than the average person about robberies occurring in Cincinnati, and then denied that there had been an unusual number of robberies in the six months preceding his robbery.

The conditions existing must of necessity bear on the care required of such valuables as possessed by Savin under all the circumstances. He was being cross-examined, and when he denied that there had been an unusual number of robberies we see no objection in calling his attention to the newspaper accounts of the robberies which had taken place during the period, and asking if he had read and knew of such robberies. It was cross-examination, and reasonable latitude is allowed within the discretion of the trial court.

With reference to the tender of payment. It is sufficient to say that the answer admitted the inability to return the goods. To require a tender in court would have been a futile thing. There was no error in this.

Complaint is made of that part of the charge of the court in which the jurors were told that they need pay no attention to the cross-petition, but should confine their consideration of the issues to the petition and the answer, whereupon the court further charged the jury that the plaintiff would only be entitled to recover the value of the rings in excess of the amount of the loan; that after they had determined the total value of the rings they should determine the total amount of money which

plaintiff had already received from the defendant on account of the rings, and must deduct that sum from the value thereof; and that if they found for the plaintiff their verdict should represent the value of the rings in excess of the amount the plaintiff had already received from the defendant by reason thereof.

The evidence as to the value of the property was undisputed. The defendant received credit for the full amount claimed to be due him, and we see no prejudice resulting from this charge of the court.

The remaining question is on the weight of the evidence.

We have examined the record, and have prefaced this memorandum with a brief statement of the salient facts. The facts are not in serious dispute. It was a question for the jury to say whether or not under all the circumstances the defendant Savin exercised due care in protecting the pledged articles. They found that he did not, and we cannot say that their verdict was manifestly wrong.

We find no prejudicial error in the record.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.