Conn, J.
 

 The questions argued on the briefs and orally grew out of claimed errors in the charge with respect to the burden of proof, and also claimed errors in the admission of evidence.
 

 In the view we take of the case the alleged errors become unimportant, because they could not have been prejudicial, and will not be considered.
 

 The action was founded on contract. In the written agreement between the parties there is this provision: “Sam. Savin not to be held accountable in case of fire or burglary.”
 

 The contract in question grew out of the pledging by plaintiff below of a ring to defendant, Savin, to secure a loan. The facts indisputably show that the property was not lost through fire or because of burglary. The offense through which the property was lost coneededüy was a robbery, for neither at the common law nor by statute could a burglary grow out of a transaction occurring at 10 o’clock in the morning.
 

 It is unnecessary, therefore, to determine whether Savin is bound by the rules applying to pawn
 
 *697
 
 brokers, whether he is bound by the rules relating to warehousemen, or whether he is bound by the rules governing an unclassifiable bailee for hire. Whatever may have been his status, he made a contract under which he was obligated to return the goods or be responsible for the value thereof, save only in case of fire or of burglary. Thus
 
 pro tanto
 
 he became an insurer.
 

 As there is no dispute regarding the ultimate facts, the question becomes one of law. Since Savin accepted the property with an obligation on his part (other than as specified in the two exceptions) to return it, and has not exculpated himself, he is bound as a matter of law to respond in damages.
 

 The superior court reached the right destination, although by a circuitous route. The Court of Appeals on the record affirmed the judgment, which action is hereby approved.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias and Allen, JJ., concur.