[No. 20959.   Department Two.   March 14, 1928.]

## C. K. Andersen, *Appellant*, v. Seattle Automobile Company, Incorporated, *Respondent*.[1]

[1] Evidence (194)—Opinion of Witness—Admissibility.   In an action for damages through the wrecking of an automobile, caused by its running away on a grade of 17.4% when being returned by a bailee to the owner, opinion evidence of an expert driver that the grade was dangerous, with testimony as to another roadway being the regular route for automobiles, is inadmissible.

[2] Bailment (3)—Care of Property.   Where an automobile is left with a dealer to determine its value to be credited on the purchase price of a new car, the dealer is liable only for the exercise of ordinary care in its protection.

[3] Bailment (3, 8)—Negligence of Bailee—Evidence.   In the absence of evidence of negligence of a bailee's employee in returning an automobile to its owner, the bailee cannot be held liable for its wrecking, through the employee's loss of control on a steep grade (Fullerton, and Main, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Beals, J., entered May 17, 1927, in favor of the defendant, notwithstanding the verdict of a jury in favor of the plaintiff.   Affirmed.

*Dan Earle*, for appellant.
*Reynolds, Ballinger & Hutson*, for respondent.

Holcomb, J.—This case, arising out of the bailment of an automobile by appellant to respondent, upon a trial to the court and a jury resulted in a verdict for appellant in the full amount claimed, $500.   Respondent had moved for dismissal at the close of appellant's case and for a directed verdict at the close of the whole case, both of which motions were denied.   After the verdict, respondent moved for a judgment notwithstanding the verdict, or a new trial, and the court

[1]Reported in 265 Pac. 162.

granted the motion for a judgment n. o. v., set the verdict aside and dismissed the case. From that action of the court, the appellant brings this appeal, assigning five errors as grounds for reversal.

The record shows that, after some preliminary negotiations, a salesman of respondent, one Holden, made a proposal for the sale of a car to appellant, with the exchange of an Oakland touring car owned by appellant. Appellant's car had been overhauled and repaired about two months before. Holden proposed that appellant let him take the latter's car to respondent's place of business in Seattle to have it appraised for a trade-in value, with a view to turning it in on the new car. Appellant consented, Holden took the car, had it appraised at respondent's place of business, and while returning it, went down two steep blocks on Denny Way, the second one between Melrose and Eastlake avenues in Seattle, within which block he lost control of the car. The car dashed down hill, struck a Studebaker sedan at the intersection of Denny Way and Eastlake avenue, and wrecked both cars.

The undisputed evidence showed that the grade on the second block of the hill was 17.4%, and that there was an alternative course of less grade and safer. There was also some evidence tending to indicate that Holden admitted to appellant and his wife that, after losing control of the car, he jumped out of it, leaving it without a driver. But the positive evidence of Holden also shows that after he lost control of the car on the grade, as he approached Eastlake avenue, he saw a street car and the Studebaker sedan coming parallel, about equal distances from the corner. They were on Eastlake and about as far from the intersection as he was. He was blowing the horn. He could not see what was coming from the other direction, so he swung over to the right, to give as much clearance

to the street car and the sedan as possible, and as the street car and the sedan reached the intersection they were slightly ahead of him, and there was nothing left for him to do but to try to go behind the sedan and in front of the street car. He could not do it. He was not going fast. The pavement was dry and the car did not skid. He did not slow down. There was nothing that he could do to prevent the collision. He was in intermediate when he started down. He did not know what gave way.

It is evident from this undisputed testimony that, if Holden jumped from the car at all, it was after he had reached the intersection of Eastlake and Denny Way, saw the inevitableness of the collision with the sedan, and jumped from the car in order to avoid injury.

Holden's undisputed evidence also is to the effect that he went down the first hill all right, the brakes worked and everything was holding all right. He started down the second hill and was only half way down, when he suddenly realized there was nothing holding him but his motor. He had the engine in intermediate gear. There was evidence that, immediately after the wreck, witnesses discovered that there was an old break in the hanger at one end or corner of where the engine was suspended to the frame. This old break is also plainly visible in the photograph introduced as an exhibit. But if the old break had become complete when the brake gave way or ceased to hold, or whether it was caused by the impact of the collision, is unknown. But the undisputed evidence also showed, by disinterested witnesses, that immediately after the accident witnesses proceeded to move the car from the street, and found that it moved readily, although there were only four men moving it. When it was got in to the curb, a witness went to put

on the emergency brake and, to his surprise, found the emergency brake was on and that the car was in second gear. Another disinterested witness testified, without dispute, that at that time he examined the car and found the foot brake not holding at all and the emergency brake holding on one wheel.

The first four assignments of error have to do with testimony excluded or stricken by the court: First, to the effect that the route chosen by the salesman of respondent, in returning the car to appellant, was not the direct and regular route between the two termini; and, second, that the court erred in excluding and striking testimony to the effect that the route chosen was dangerous and that the grade on Denny Way between Melrose and Eastlake avenues, where the accident occurred, was a dangerous grade.

Appellant offered the testimony of himself and of another witness, attempting to show that the route taken by the car was not the regular route between the termini. Appellant was, however, permitted by the court to introduce a map prepared by himself, upon which the termini were indicated, but his testimony as to what was the regular route and his tracing upon the map of what he indicated was the regular route, were rejected as conclusions. The other witness, who was attempted to be qualified as an expert driver in Seattle, and whose testimony was stricken, attempted to testify that there was an alternative route along Denny Way of lesser grade and a "V turn" or "triangle street," as he termed it, over a safer route, and that he would not go down the Denny Way hill into Eastlake avenue at any time, except in an emergency.

[1] Appellant first relies upon the general rule relative to the admission of opinion evidence, stated in 22 C. J. 656, as follows:

"A person who is specially qualified by skill or experience is competent to express an inference as to matters connected with the management and operation of vehicles, machinery and other appliances, . . ."

In *Johnson v. Caughren,* 55 Wash. 125, 104 Pac. 170, this court reviewed and weighed the authorities on this proposition, holding generally:

"The general rule is that a witness must testify to facts, not opinions; that whenever the question to be determined is to be inferred from particular facts which can be readily produced before the jury, and the inference to be drawn therefrom is within the common experience of men in general, requiring no special knowledge, skill or training, the inference or conclusion is to be drawn by the jury and not the witness."

We quoted from Thompson, Commentaries on the Law of Negligence, § 7747, and from 17 Cyc. 56, the gist of which applicable quotations are contained in Cyc., *supra,* as follows:

"The issue of negligence can in most cases well be determined by the judgment of the jury and the inference, conclusion or judgment of witnesses is rejected. This rule has been applied, for example, to the question whether a bridge, road, roadway, sidewalk, track, or other place, machinery, mechanical appliance, rate of speed, situation, or other thing or collection or combination of things is safe or dangerous."

We cited numerous authorities in the above cited case to sustain the principle there enunciated.

In *Simonson v. Huff,* 124 Wash. 549, 215 Pac. 49, we again considered the admissibility of such opinion evidence. In that case we also said:

"Special skill will not entitle a witness to give an expert opinion where the jury is capable of forming its own conclusions from the facts shown. In other words, whether the acts of the driver of the stage on the occasion were careful and prudent or were negli-

gent was within the common knowledge of mankind, and thus not a subject for expert opinion.''

Moreover, one of appellant's own witnesses, an engineer in the office of the city engineer of Seattle, testified, without contradiction, that the grade of Denny Way on the block in question was .6 of 1% less than the grade on Madison street between First and Second avenues, which is 18%, and 1.6% less than the grade on Madison street between Third and Fourth avenues in Seattle. He also testified that Denny Way, at the place in question, is paved, that automobiles go down upon it, and that automobiles on which there are good brakes should not be in any danger in going down that street on the block in question.

Appellant was not denied the right to show all conditions existing at the time and place of the accident. He proved the grade of the street and that it was paved and dry, and proved that there were other nearby streets which had a somewhat lesser grade. Upon this point appellant cites two cases: *Shriver v. Marion County Court,* 66 W. Va. 685, 66 S. E. 1062, and *Walker v. Decatur County,* 67 Iowa 307, 25 N. W. 256.

The first case cited was one where the plaintiff sued the county to recover damages for injury to his person and property, caused by a defect in the highway, which it was the duty of the county to keep in repair. The only question before the appellate court was whether plaintiff was barred from recovery by contributory negligence or assumption of risk. The court held that, if a traveler upon a highway attempted to pass over a defect therein, open and apparent and of which he had full knowledge, and was thereby injured, when there was no necessity for his endeavor to pass over it, he having two convenient ways for his journey, one of which was dangerous and the other not, he should be deemed in law to have assumed the risk incident to the

attempt, and denied compensation on the ground of contributory negligence. But the court did hold in that case that it was a question of fact for the jury to determine, the evidence being in great conflict, as to whether plaintiff had a reasonably safe way by another convenient route to avoid the defect in the highway which caused the injury; and as to whether, having assumed the risk of the defect in the highway which caused the injury, he drove carefully and prudently.

The second case cited, another case against a county for an injury sustained by reason of a bridge in the highway being out of repair, was again a case of known defect in the highway. In that case, the court held that it was error to refuse testimony offered to show that the injured party could have reached his destination by another route, equally convenient, over a good bridge. Neither case cited involved a bailment of a chattel or the degree of care required therefor. Both were cases for damages for alleged negligence in keeping highways in repair. In both of the above cases the issues were contributory negligence and assumption of the risk. In both cases there were known defects in the highway.

In the case at bar, there was no known defect in the highway. On the other hand, the street was open to travel, was well improved, presumptively in a safe condition, and without any conditions, such as wetness and slipperiness, which made it negligence for one to attempt to use it. We are prepared to say, as a matter of law, that a grade of 17.4% is not of itself dangerous, when paved, dry, and without bad conditions. We are also prepared to say that it is not a question for expert evidence as to the danger of such grades or that a person is required under all circumstances to take to a route where there is a lesser grade or be guilty of negligence.

[2]   Where one, desiring to purchase an automobile, leaves a car with a dealer to determine its value for the purpose of being credited on the purchase price, such bailment is for the mutual benefit of both, and only ordinary care is required to be exercised by the bailee in protecting the car. *Chastek v. Albertson,* 47 Cal. App. 788, 191 Pac. 371; *Williamson v. Phillipoff,* 66 Fla. 549, 64 South. 269.

In this case, therefore, all that was required of respondent's driver of the car of appellant was ordinary care. In other words, the driver, or his principal, would only be answerable for extraordinary negligence.

[3]   This brings us to the consideration of the errors assigned on the granting of respondent's motion for judgment n. o. v. and dismissing the case.

Appellant insists that, in setting aside the verdict, the court clearly invaded the province of the jury. It is urged that, under our decisions, it was not for the court to determine the weight of the evidence, but that where there was conflicting evidence or facts and circumstances upon which the minds of reasonable men might differ, it cannot be said that there was no evidence or reasonable inference to sustain the verdict. *Jensen v. Shaw Show Case Co.,* 76 Wash. 419, 136 Pac. 698; *Allen v. Landre,* 120 Wash. 171, 206 Pac. 845; *Reynolds v. Morgan,* 134 Wash. 358, 235 Pac. 800.

All of the foregoing cases were decided upon facts peculiar to themselves.

In this case, it seems clear that there was no evidence of any negligence of any kind, ordinary or extraordinary, upon the part of respondent's driver. As has been seen, he was only responsible for ordinary care. Under the facts shown at the trial, there can be no question that there was no showing that the driver was guilty of any lack of care in any degree. True, what the unknown cause of the failure of the brakes to

hold was, was not definitely established; but certainly it was shown by all the evidence and reasonable inferences that it was not the fault of the driver. There was, therefore, no negligence shown, and there was no question of fact to go to the jury justifying a verdict in favor of appellant.

The judgment of the trial court is right, and is affirmed.

MACKINTOSH, C. J., and ASKREN, J., concur.

FULLERTON, J. (dissenting)—I dissent. The respondent was the bailee of the automobile for a special purpose. His obligation to the appellant was to return it in as good condition as it was when he received it, less, of course, any depreciation naturally caused it in carrying out the purposes of the bailment. When, therefore, the appellant showed the purposes of the bailment, showed its return in a wrecked condition, showed that the wreck did not naturally arise out of its use in the purposes for which it was bailed, and further showed the decreased value of the automobile because of its wrecked condition, he made a case against the respondent which would warrant the jury in returning a verdict in his favor. The appellant did not have to prove affirmatively that the injury arose out of the negligent acts of the respondent. The presumption that he was negligent arose from proof of the fact that the automobile was in good condition when he took it and a wreck when he returned it. The burden was thus upon the appellant to overcome the presumption of liability; it was incumbent upon him to show that the injury to the automobile arose from causes for which he was in no way negligently liable. Whether or not he did so, is, in my opinion, a question of fact and not a question of law. I would reach this conclu-

sion were I able to concur in the opinion of the majority that it is not negligence to drive a car over a grade as steep as the one here described when there was no necessity for so doing. There are other circumstances in the record which lead me to the conclusion. One of them is the fact mentioned in the majority opinion, namely, that the respondent possibly gave different versions as to the cause of the wreck.

But I am not willing to say, as matter of law, that the act of driving over this grade, under the circumstances shown, was not negligence. There are grades, no doubt, over which it would not be negligence under any circumstances to drive an automobile. But it is equally free from doubt that there are others, used as highways for some purposes, over which the court would say as matter of law it was negligence to drive an automobile. Between these extremes there is, as there is in all like instances, a twilight zone, where minds may reasonably differ on the question whether the act is or is not negligent; instances where the question becomes one for the trier of the fact, and not a question of law for the court. In my opinion, this was such an instance.

But the matter which I most deplore is, that the court assumes to pass on the credibility of the witnesses. The record does not present an instance where the exculpatory facts are shown by incontrovertible evidence—evidence which, under all circumstances, must be taken as true—but presents an instance where the exculpatory facts are shown by oral testimony that is subject to the scrutiny always attendant upon such testimony, not the least of which is the credibility of the witness giving the testimony. In this instance, the principal testimony as to the exculpatory facts was that of the respondent himself, and as we have said heretofore, the trier of the fact is under no legal obli-

gation to believe an interested witness even though he be uncontradicted.

In my opinion, the cause should have been submitted to the jury.

MAIN, J., concurs with FULLERTON, J.