[No. 23390. Department Two. April 8, 1932.]

CARLO INNOCENTI, *Appellant,* v. M. C. PADAVICH *et al.,*
*Respondents.*[1]

*E. E. Wager,* for appellant.
*J. V. Hoeffler* and *C. R. Hovey,* for respondents.

MAIN, J.—This action was brought to recover the
purchase price of an automobile which the plaintiff
claims to have sold to the defendants. The cause was
tried to the court without a jury, and resulted in find-
ings of fact from which the court concluded that no re-
covery could be had. From the judgment entered dis-
missing the action, the plaintiff appeals.

The facts, as found by the trial court, may be sum-
marized as follows: The respondents, M. C. Padavich
and C. E. Trower, doing business under the name of
the Reliable Auto Company, operated a garage and

[1]Reported in 9 P. (2d) 1094.

automobile sales room in Cle Elum, in Kittitas county. The appellant was the owner of a Buick roadster automobile. On or about October 11, 1929, the appellant placed the automobile, the market value of which was approximately $750, in the possession of the respondents.

Shortly after the automobile was placed in the respondents' possession, they entrusted it to one Parker, who was known to them and who was an experienced driver of automobiles and familiar with that particular make of car. The purpose of entrusting the possession of the car to Parker was to enable him to demonstrate it to one Nyberg, who was a prospective purchaser. While the automobile was being driven on the road by Parker for demonstration purposes, it collided with another automobile, and sustained such damage that it was afterwards sold for one hundred dollars upon a claim against the appellant.

In entrusting the automobile to Parker, the respondents exercised due care and caution, and were not aware of any fact or circumstance that would cause them to fear that he would not take proper care of it. The collision which damaged the automobile was due to the negligence of Parker, who was not an employee of the respondents and was not compensated by them. When he came to the respondents' place of business, he did so in company with the prospective purchaser. Upon the trial, it was stipulated that it was customary for dealers to entrust used automobiles, which they had for sale, to prospective purchasers for demonstration purposes.

The question is whether the loss by reason of the collision should fall upon the appellant or upon the respondents, and this in turn depends upon where the title was. The appellant testified that, when he

placed the car in the possession of the respondents, the agreement was that he was to be paid eight hundred and fifty dollars therefor within a period of thirty days, with the option of purchasing a new car with a credit for that amount. In this, the appellant was corroborated by other testimony. One of the respondents, M. C. Padavich, testified that, when the car was placed in the possession of the respondents, the agreement was that they were to sell it for the appellant, which would net him five hundred dollars cash, and anything that they obtained over that they were to retain; or, at the end of thirty or sixty days, the appellant was to purchase a new car with a credit thereon of eight hundred and fifty dollars. The testimony of Padavich was supported by other testimony.

At the time the car was delivered into the possession of the respondents, a written memorandum of the contract was entered into, and each of the parties thereto had a copy; but upon the trial neither one of the copies could be produced, the testimony being that they had been lost or mislaid.

If the testimony of the appellant correctly presents the understanding of the parties at the time the automobile was delivered to the respondents, the title passed, and the resulting loss would fall upon the respondents. On the other hand, if the testimony of Padavich and his witnesses is accepted as correctly presenting the terms of the agreement, title to the automobile had not passed, and they held it simply as bailee for the purpose of sale for appellant, or with his right to elect, if it was not sold, to have a credit upon a new car. If title had not passed, the loss sustained by the damage to the automobile from the collision would fall upon the appellant. Upon the conflicting testimony, the trial court expressly found that

" . . . the agreement between the parties was to pay the plaintiff [appellant] the sum of five hundred dollars for said automobile, if they actually sold it, or to allow him a trade-in value on a new car of eight hundred and fifty dollars."

That finding supports the theory of the respondents.

After giving consideration to all the evidence, as it appears in the record, we are unable to say that the trial court did not correctly weigh the testimony. The evidence being oral, that court was in a much better position to determine the question of fact under the conflicting testimony than are we. The trial court's finding, we think, should be sustained.

The next question is whether the respondents were guilty of negligence in entrusting the automobile to Parker. Accepting the facts as testified to by the respondents as true, they held the automobile as bailee for the mutual benefit of themselves and the appellant, and were required to exercise ordinary care in protecting it. *Burley v. Hurley-Mason Co.,* 111 Wash. 415, 191 Pac. 630; *Andersen v. Seattle Automobile Co.,* 147 Wash. 76, 265 Pac. 162. The respondents were not guilty of negligence in delivering the car into the possession of Parker, in order that it might be demonstrated to a prospective purchaser in accordance with the custom of dealers in disposing of used cars, they having reason to believe that Parker was an experienced and careful driver; and, as found by the trial court, they were "not aware of any fact or circumstance which would cause them to fear that said Parker would not take proper care of said automobile."

There is little in this case except questions of fact, and it would serve no useful purpose to further discuss the conflicting evidence. It is sufficient to say that, after considering all of the evidence, we are of

the opinion that the views of the trial court should be approved.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, MILLARD, and BEALS, JJ., concur.