**CLARK**

. **v.**

**PAWN BROKERS OF AMERICA.**

Akron Municipal Court,
Summit County, Ohio.

No. 94 CV 8867.

Decided Jan. 12, 1995.

*Alberta Clark, pro se.*

*Janice Sheflel,* President, Newton Financial, Inc., d.b.a. Pawn Brokers of America.

ELINORE MARSH STORMER, Judge.

Defendant filed an objection to the Referee's Report on December 5, 1994. The report objected to was filed on November 28, 1994. The court has reviewed the report and the objection and finds that the weight of the evidence and the legal issues were properly determined by the referee. This court will not disturb

the referee's determination unless the objecting party can establish new evidence or an unresolved legal issue.

The court finds that the objection offers no new evidence for consideration that was not or could not have been considered by the referee in the hearing held in this case. Defendant has not objected to the findings of fact, but rather objects to the type of liability it is exposed to as a pawnbroker. R.C. 4727.11(C) provides:

"In the event that any articles or property pledged are lost or rendered inoperable due to negligence of the licensee, the licensee shall replace the articles or property with identical articles or property, except that if the licensee cannot reasonably obtain identical articles or property, the licensee shall replace the articles or property with like articles or property."

Although this statute refers to the facts of this case, defendant, licensee, has produced no evidence that it has replaced the lost rings with identical rings or even like rings. After defendant admitted losing the rings, the court granted the parties fifteen days to agree upon replacement rings. When the parties went before the referee, no replacement had been made. Defendant has not presented new evidence in its objection that a replacement or a reasonable offer of a replacement was made.

The court has closely examined Ohio law and can find no authority for defendant's argument that replacement is the exclusive remedy available to the plaintiff. Although the pawnbrokers statute provides only for replacement as a damage, when no replacement is made, the person who lost the property must be responsible for the fair market value of the lost items. In reaching this conclusion, the court analogizes a pawn to a pledge. A pledge is a bailment of personal property as security for a debt, with the holder of the pledge having the implied power of sale on default.

The pawnbroker is the bailee of the goods he holds and must exercise a bailee's standard of care. The only relevant case in Ohio is *Savin v. Butler* (1924), 111 Ohio St. 695, 146 N.E. 673, which predates the pawnbroker statute. There, two rings were pledged to a pawnbroker. The pawnbroker's shop was robbed, and the rings were taken. The Supreme Court of Ohio found that when "the property has become lost * * * the pledgee must respond to the pledgor for the value of the property." *Id.* The court granted defendant the value of the rings less the unpaid loan amount. *Savin v. Butler* (1924), 19 Ohio App. 68. The *Savin* reasoning is still valid today.

The court's holding is, thus, if a pawnbroker does not, pursuant to R.C. 4727.11(C), replace lost, pawned property, the owner of the pawned property is entitled to the fair market value of the lost items.

The objection to the referee's report is therefore DENIED. The referee's report is APPROVED AND ADOPTED. Judgment is entered for plaintiff Alberta Clark and against defendant Pawn Brokers of America in the amount of $945.75 plus interest and court costs.

IT IS SO ORDERED.

*Judgment for plaintiff.*