[No. 13673.   Department One.   May 2, 1917.]

SHERMAN W. EVES *et al., Respondents,* v. GEORGE R. ROBERTS
*et al., Appellants.*[1]

DEEDS—DELIVERY—PRESUMPTION FROM POSSESSION—HUSBAND AND
WIFE.  Where husband and wife simultaneously executed deeds of
property to each other, with intent to pass the title to the survivor
only upon the death of one of them, there is no presumption of de-
livery from the fact of possession of the deed, but actual delivery
with intent to make the deed presently operative must be shown in
order to pass title, as against heirs.

EQUITY — LACHES — STATUTE OF LIMITATIONS.  The doctrine of
equitable laches will not defeat an action by heirs to set aside a
deed which was intended to defeat the statute of wills, and void for
want of delivery, where the action was brought within three years
after the heirs became of age and within the statutory period pre-
scribed by Rem. Code, § 158.

Appeal from a judgment of the superior court for Asotin
county, Miller, J., entered January 19, 1915, upon findings
in favor of the plaintiffs, in an action to quiet title, tried to
the court.  Affirmed.

*Sturdevant & Bailey,* for appellants.

*E. J. Doyle,* for respondents.

CHADWICK, J.——Reuben H. Eves and his wife, Mary J. Eves,
were the owners of a certain tract of land in Vineland, Asotin
county, Washington.  Mary Jane Eves died on or about
October 19, 1904, leaving her surviving her husband and
four children.  Two of the children, Sherman W. Eves and
Alvin L. Eves, were minors.  On September 28, 1903, Mrs.
Eves and her husband had mutual deeds drawn by a notary
public.  The form of the deeds was such that each conveyed
to the other as if the grantor was the sole owner.  There can
be no question that the parties intended, at the time, to de-
feat the statute of wills and make an administration of the
estate of the one dying first unnecessary.  They said, ac-

[1]Reported in 164 Pac. 915.

cording to one witness, that the property was so fixed that their children would not get it; and according to another, it was so fixed that they would not have to pay out anything for lawyers' fees if one of them should drop off.

The record title was not encumbered at the time by the recordation of either deed. Reuben H. Eves testifies that each deed, when prepared, was given to the grantor; that is, he retained the deed executed by himself, and Mrs. Eves retained the deed that she had executed; that they took them home and placed them in a bureau drawer. He further testified that he left home shortly after the time when the deeds were executed, and his absence continuing over the time appointed for his return, his wife took the deed which he had executed out of its place of deposit and put it of record. Shortly after the death of his wife, Reuben H. Eves took the deed which his wife had executed and filed it for record. This was the state of the record title on the 15th day of September, 1910, when Reuben H. Eves and his later wife, Jane P. Eves, united in a conveyance of the property to George R. Roberts. No administration was ever had of the estate of Mary J. Eves. This action was brought by her children to recover an one-half interest in the property.

From a decree dismissing the action as to two of the heirs, who were of age at the time of the death of Mrs. Eves and against whom the statute of limitations had run, and a holding that the respondents Sherman W. Eves and Alvin L. Eves were each entitled to an undivided one-eighth of the property, appellants have prosecuted this appeal.

It seems to us that the only question is whether the deeds were delivered. That there was no present intention to deliver them is best evidenced by the circumstances attending their form and execution. Each purported to convey the whole title. They were executed simultaneously, and had they been filed for record at the same time, the one would have cancelled the other. The title would have been unaffected. The taking of the deed made by Reuben H. Eves from its receptacle by

Mrs. Eves, and the filing of it during his absence, rather neg-
atives the presumption of delivery, for if it had been delivered
when executed or before Mr. Eves' departure, Mrs. Eves
would probably have recorded it at once instead of waiting
until she had become nervous and worried over the continued
absence of her husband.

There is no circumstance from which a delivery by the hus-
band to the wife can be inferred that would not sustain the
same inference that the deed by the wife was, at the same
time, delivered to the husband. It follows, then, that the
recording of the deed from the husband to the wife would con-
vey no title as against an outstanding deed simultaneously
executed and simultaneously delivered by the wife to the hus-
band.

We understand the rule to be that when a deed, formally
executed and acknowledged, is found in the possession of the
named grantee, a delivery will be presumed, and if one would
overcome such presumption he must do so by testimony that
is strong and convincing. *Richmond v. Morford,* 4 Wash.
337, 30 Pac. 241, 31 Pac. 513. See, also, 8 R. C. L. 999; 13
Cyc. 733; *Jackson v. Lamar,* 58 Wash. 383, 108 Pac. 946; *In
re Slocum's Estate,* 83 Wash. 158, 145 Pac. 204; *Brown
Brothers Lumber Co. v. Preston Mill Co.,* 83 Wash. 648, 145
Pac. 964.

But that presumption cannot be applied with all its force,
or even in a measurable degree, where a husband and wife
make mutual deeds to the same property with intent to pass
title in the event of the death of one or the other, and, in
which event, the deed to the one deceased is not to be used as
a conveyance.

Whether such conveyances could be sustained as deeds if
placed in some escrow, independent of the parties, we are not
called upon to decide. We are quite satisfied to hold, how-
ever, that where, as in this case, we have two deeds made
simultaneously, and for the avowed purpose of defeating the
jurisdiction of the courts and expense of administration upon

the estate, that the presumption is against delivery, and that the one depending upon it must show the fact by testimony rising to the same dignity as that required to overcome the presumption attending the possession of a deed, formally executed, by a stranger to the title.

The circumstances of this case invite the application of the same rules that apply in cases where one comes into possession, or discloses the possession, of a deed after the death of a grantor, and his possession is challenged by one who would take under a will or the statutes of descent. We but recently had occasion to review these principles. In *Showalter v. Spangle*, 93 Wash. 326, 160 Pac. 1042, we said:

"In every case there must be something from which it clearly appears that there was an intention to make the deed a presently operative conveyance vesting title in the grantee within the grantor's lifetime. *Atwood v. Atwood*, 15 Wash. 285, 46 Pac. 240."

When Mrs. Eves recorded the deed in which she was named as grantee, she either became the sole owner, for one spouse can convey to another (Rem. Code, § 8766), or the deed accomplished no more than to cloud the record, depending entirely upon whether the deed has been delivered. That it lacked the element of delivery is best evidenced by the act of Eves, who, in seeming obedience to his first intention and understanding that the deeds were to be operative only as testamentary writings, placed his deed of record after the death of his wife.

We have not overlooked the fact that the reputation of Eves for truth and veracity was successfully attacked, but the decree of the court may be sustained by reference to the exhibits and collateral circumstances which do not depend upon Eves' testimony.

Counsel charge respondents with laches. They brought their action within three years after coming of age, and are within the statute. Rem. Code, § 158. Laches is an equitable doctrine and will not ordinarily be resorted to to defeat an

action brought within the limit of an express statute. *Cordiner v. Finch Inv. Co.*, 54 Wash. 574, 103 Pac. 829; *Roger v. Whitham*, 56 Wash. 190, 105 Pac. 628, 134 Am. St. 1105; *McDowell v. Beckham*, 72 Wash. 224, 130 Pac. 350.

We find no error and the decree is affirmed.

Ellis, C. J., Morris, Main, and Webster, JJ., concur.