[No. 14620. *En Banc.* January 22, 1919.]

O. C. OLSEN, *Appellant*, v. WILLIAM H. HAGEN *et al., as Executors etc., Respondents.*[1]

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 23, 1917, upon findings in favor of the defendants, in an action to enforce a claim against an estate, tried to the court. Reversed.

*F. E. Langford* and *Lucius G. Nash,* for appellant.
*Peacock & Ludden,* for respondents.

ON REHEARING.

FULLERTON, J.—Upon rehearing *En Banc* and a careful reconsideration of the whole subject-matter, the majority of the court adheres to and reaffirms the views heretofore expressed in the opinion which will be found in 102 Wash. 321, 172 Pac. 1173.

MAIN, TOLMAN, MOUNT, MITCHELL, and PARKER, JJ., concur.

MACKINTOSH, J. (dissenting)—This action was brought, tried and argued on the pretension that there had been an express contract to pay Hooker for his services, or, at least, an implied agreement which would entitle him to recover on "quantum meruit." We agree with the majority that "there is no proof of an express contract by Mrs. Wharton to pay Hooker for his services, other than her statement to him, at the time of delivering the notes for $10,000, that it was in accordance with a promise to her husband to compensate him for his past services." Nor is there anything in the evidence showing an implied contract by Mrs. Wharton to remunerate Hooker, upon which an action of "quantum meruit" could be based, and, so agreeing, we think the action should have been dismissed. The majority, however, are allowing a recovery, not on an express or implied contract to pay for services, but on the strength of a promise made by Mrs. Wharton to her husband, sometime before his death, to pay Hooker a specific sum. As we view it, Hooker is not entitled under the law to the receipt of this sum, which the complaint does not even claim for him, and, certainly, under the facts, he merits nothing further than he has already received. The facts do not support the charge of respondent Hooker of $10,000 as a valid indebtedness of the estate of Mrs. Wharton. It is true that a specific sum of $10,000 occurs in various transactions between Mrs. Wharton and Hooker; the execution of subsequently revoked wills bequeathing that specific sum, and the delivery by Mrs.

[1]Reported in 178 Pac. 451.

Wharton to Hooker of notes aggregating that amount, though later returned to the maker by Hooker, seem to argue a more or less definite agreement, but this contention is refuted by the actual disposition of the decedent's property as a whole. There can be no question that Mrs. Wharton was more than just in her testamentary treatment of Hooker; she was liberal. It seems quite convincing that, had there been a definite obligation to Hooker in the specific sum of $10,000, she would have so indicated in a will which actually devised and bequeathed to him property much in excess of that sum. We can attach no weight to the suggestion that Mrs. Wharton and Hooker had a disagreement of so serious a nature before her death as to prompt her to deprive him of what she knew was a valid claim, for such position is inconsistent with the liberal settlements she finally made upon him. Even had a definite promise been made to pay the sum of $10,000, it has been more than met by payments and bequests in excess of such amount. The case, as far as it presents a question of fact, cannot be reconciled with the conclusion reached by this court, and we are constrained to dissent.

CHADWICK, C. J., and HOLCOMB, J., concur with MACKINTOSH, J.