### ANDREWS v. CARLISLE.

No. 9623—Opinion Filed March 16, 1920.

Rehearing Denied April 13, 1920.

(Syllabus by the Court.)

1. **Indians—Allotments—Lien for Value of Included Improvements.**

Where an allotment made in the Cherokee Nation includes improvements appraised and disposed of under provisions of act of Congress of March 2, 1907, ch. 2521, 34 Stat. 1220, a lien on the rents and profits of the land to secure the payments of the appraised value of the improvements is created by operation of law.

2. **Same—Limitation of Actions.**

The statute of limitations does not begin to run until a cause of action has accrued; held, the cause of action stated in the above entitled cause was not barred by the statute of limitations.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by Rose Carlisle against Bethel Andrews, a minor, by guardian ad litem, S. F. Parks. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

W. H. Kornegay, for plaintiff in error.

James S. Davenport, for defendant in error

McNEILL, J. This action was commenced by defendant in error, plaintiff below, against the plaintiff in error, defendant below, in August, 1914. The parties will be referred to defendant in error as plaintiff, and plaintiff in error as defendant, the same position they occupied in the court below.

The defendant's father and mother were both made parties to said cause of action, but the court found in favor of them and no cross-appeal has been taken, and they are not parties to this appeal, and will not be referred to in discussing the issues presented in this case.

The petition alleged the defendant was indebted to the plaintiff in the sum of $428.29 by reason of plaintiff having placed certain improvements on certain land in section 21, township 26, range 19 east, as an intermarried citizen of the Cherokee Nation, and that she came within the provision of the act of Congress of March 7, 1907, which permitted her to sell her improvements to a citizen of the Cherokee Nation; that Bethel Andrews, a minor, was allotted the land upon which plaintiff had placed her improvements; that said improvements were appraised by the government in accordance with the act of Congress of March 7, 1907, at $702.65; and that after the appraised value of the improvements was fixed by the government she conveyed her improvements by written agreement to the father and mother of said defendant for the use and benefit of Bethel Andrews for the amount of said appraisement and filed a lien for rents and profits of said land, in accordance with said act, which was approved by the Department of Interior. It was further alleged that the rents for the years 1907 and 1909 had been paid on the indebtedness, but that the rents for 1910 and the years thereafter had not been paid, and there was due $428.29. The defendant answered by guardian ad litem, by general denial.

Upon the trial of the cause to the court, the court found the issues in favor of the plaintiff and found there was $372.29 due from the defendant to said plaintiff for said improvements and the same was a lien upon the rents and profits on the lands, and appointed a receiver to collect the same and applied the rents to the payment of said indebtedness. The court further rendered judgment for interest from the 6th day of November, 1907.

In support of plaintiff's claim, she introduced certain certified copies of the records from the Department of Interior, to wit: A certified copy of the appraisement of the improvements, a certified copy of the bill of sale, a certified copy of the statement of lien and acknowledgment of lien signed by Sarah C. Andrews, the mother of the plaintiff in error, and the written contract for the improvements signed by the father and mother of Bethel Andrews, all of which were filed with and approved by the Secretary of Interior.

For reversal of the judgment, the defendant asserts that the plaintiff ought not to recover for the following reasons:

"First. Under the act of Congress five years was the limit allowed for impressing rents and profits, it being the limit for making leases under the restrictions of the act of Congress allowing allotments.

"Second. That before the lien could exist the allottee must make a contract defining the amount of rents to be applied to paying the unpaid portion of the purchase money.

"Third. That in this case the sale of the improvements was not to a citizen of the Cherokee Nation and was not to the allottee, and no lien was created.

"Fourth. That before the minor could be bound in any way to pay or the rents and profits of her allotted land applied, her interests must have been looked after by a guardian acting under authority of the probate court.

"Fifth. That before a lien could exist the amount of it and the extent of it should be defined, and the time fixed for its enforcement, and the method of enforcing the lien should be provided, where possession of the land was surrendered as in this case.

"Sixth. That the action when brought, August, 1914, was barred by the limitation of the five-year statute of limitation, by the three-year statute, and also by the two-year statute.

"Seventh. That the provisions of the statute were not complied with and the sale did not take place within the time allowed."

The first, second, third, fourth, fifth, and seventh contentions of the defendant were included in and have been decided contrary to defendant's contention in the case of Silversmith v. Hart, 68 Oklahoma, 173 Pac. 451, being a case almost identical with the case at bar, the allottee being a minor and the lien having been acknowledged by the father, and the time for the payment of the lien having been extended over a period of some ten or twelve years. It will therefore be unnecessary again to discuss the questions that were necessarily involved and determined by that opinion, as there is no contention made that the opinion in that case is erroneous, nor are any authorities cited holding to the contrary.

The sixth contention of defendant is that the action was barred by the five-, three-, and two-year statutes of limitation.

The action was commenced in August, 1914. The petition alleged and the evidence disclosed that the rents and profits from the land had been paid to the plaintiff up until 1910. The rents and profits from the land for the year 1910 and thereafter had not been applied to the payment of the lien. This court, in the case of Silversmith v. Hart, in an identical case, stated:

"So long as the rents were being applied to the extinguishment of the lien the statute would not begin to run. The statute of limitations begins to run from the time a complete cause of action accrues, that is, when a suit may be maintained, and not until that time."

By applying that rule, no cause of action could have been maintained upon this contract until the rents and profits of 1910 were due and should have been applied upon the lien. Section 4657, Rev. Laws 1910, provides:

"That civil actions * * * can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: First, within five years: An action upon any contract, agreement or promise in writing."

This cause of action is founded upon the bill of sale and the acknowledgment of the lien by the mother, which was approved by the Commissioner to the Five Civilized tribes, which acknowledged the indebtedness and acknowledged that the purchase price should be a lien upon the rents and profits on the land and enforced in any court of competent jurisdiction. Therefore the action was founded upon a contract in writing. No action accrued until the 1910 rents were due, and the cause of action was not barred by the statute of limitations in August, 1914.

It is contended, however, that the court erred in rendering judgment for interest. The act of congress which makes the purchase price of improvements a lien upon the rents and profits of the land does not appear to contemplate that the amount of the lien shall draw interest. It might be a different question if the evidence would disclose the amount of rent that should have been applied on the lien in 1910 and each succeeding year, which was converted to another purpose, and as to whether the court

might have rendered interest on those amounts from the date they became due and payable, will not be decided, as there is no evidence as to what the amount of the rent to be applied on the indebtedness for those years should have been, but the court simply rendered interest on the whole amount from the date the indebtedness became a lien on the improvements. In this we think the court committed error. This court, in the case of Silversmith v. Hart, supra, although perhaps there was no issue in the case as to whether interest should be allowed, simply held that the amount of indebtedness was a lien, but did not take into consideration the interest.

We therefore hold that the court committed error in allowing interest; and it also appears that a personal judgment was rendered against said minors; this is also erroneous. The judgment will therefore be modified and affirmed for the amount found due without interest, the same to be a first lien upon the rents and profits of the land, and the receiver ordered and directed to collect said rents and to apply the same to satisfy the lien of said plaintiffs.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.