[No. 20788.   Department Two.   December 8, 1927.]

MAUDE C. DOTY, *Appellant,* v. SPOKANE & EASTERN TRUST COMPANY, *as Executor of the Estate of Frances Emma Velguth, Deceased, Respondent.*[1]

[1] JUDGMENT (54)—ON TRIAL OF ISSUES—NOTWITHSTANDING VERDICT. A judgment for defendant, notwithstanding a verdict for plaintiff, should not be granted where there was ample evidence to sustain the verdict.

[2] WILLS (85, 86)—CONSTRUCTION OF BEQUEST—ELECTION—PAYMENT OF DEBT. The acceptance of a legacy of five hundred dollars to an employee "for her kindness to and care of me for five years last past," will not be considered as an election, barring a claim for services for five years at the agreed wage of five hundred dollars a year, where it appears that the two were attached to each other, that the testatrix had repeatedly recognized the claim, and promised to take care of payment on request therefor.

Appeal from a judgment of the superior court for Spokane county, Leavy, J., entered April 18, 1927, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action to enforce a claim against an estate. Reversed.

*Graves, Kizer & Graves* and *Jay C. Allen (John F. Walthew,* of counsel), for appellant.

*Patrick C. Shine,* for respondent.

[1]Reported in 261 Pac. 788.

MACKINTOSH, C. J.—The plaintiff, Maude C. Doty, filed a claim with the defendant trust company, as executor, for $2,500 for personal services rendered by her to the testator, Frances Emma Velguth, for five years prior to her death in May, 1926; and, upon the rejection of her claim by the defendant, the plaintiff sought by this action to recover the amount in question.

She alleged that, sometime in May, 1921, the deceased orally agreed with her to employ her to nurse and attend the deceased and administer to her wants generally, it appearing that, for some years before her death at about eighty years of age, the deceased had been in failing health and subject to recurring spells of illness, necessitating the presence of someone with her day and night at such times. The deceased, the plaintiff alleged, promised to pay the plaintiff five hundred dollars annually, for being at all times ready to respond at once to calls for her by the deceased and attend her as long as desired, and as compensation for not engaging in any other work that might prevent her answering such calls; and, further, twenty dollars monthly and actual expenses during such time as the plaintiff might be serving the deceased. Denying these allegations, the defendant, by way of affirmative defense, pleaded a paragraph of the will of the deceased, as follows:

"I give and bequeath to Mrs. M. Doty, now residing at 811 8th Avenue, Seattle, Washington, for her kindness to and care of me for five years last past, the sum of five hundred dollars ($500)."

The plaintiff's demurrer to this affirmative defense was by the court overruled and the cause was submitted to a jury. A motion of the defendant for nonsuit, at the close of the plaintiff's case, was denied by the court.

Among the instructions given to the jury was the following one:

"You are instructed that, if you find from a preponderance of the evidence that, on or about August 6, 1926, that the plaintiff herein accepted the sum of $500 from the defendant with knowledge that such payment was being made in accordance with a specific bequest contained in the will of Frances Emma Velguth, deceased, wherein it was provided that said $500 was to remunerate the plaintiff for kindness to and services rendered in the care of said Frances Emma Velguth during her lifetime, and you further find from the evidence it was the intention of the deceased, Frances Emma Velguth, at the time she executed her will that the provision made therein for the plaintiff was to be in full payment of any and all claims that the plaintiff might have against her, or her estate, then the plaintiff would be estopped from any further claim and your verdict must be for the defendant, even though you further find from the evidence that the amount received and accepted was in a sum less than she considered herself entitled to."

The jury found for the plaintiff in the full amount sought to be recovered, but the trial court gave the defendant judgment n. o. v., apparently feeling that the bequest was intended as the very compensation which the plaintiff sought by this action and that, since the bequest had been paid to and accepted by the plaintiff, she was estopped to make any further claim against the estate.

The appeal presents the question whether the appellant's acceptance of the five hundred dollar bequest barred recovery of her twenty-five hundred dollar claim.

[1] As to there actually having been a contract, its continuing existence and performance by the appellant, it is obvious that the jury was convinced that there was

such an agreement and that the appellant had in every way fully performed, or was at all times ready and willing to perform, her part of it, since the verdict was for all that the appellant claimed. The jury reached this conclusion after listening to an abundance of evidence, conflicting, of course, some of it by deposition. The record does not disclose that it did not sustain the verdict. We think that judgment n. o. v. should not have been allowed. *Allen v. Landre,* 120 Wash. 171, 206 Pac. 845; *Reynolds v. Morgan,* 134 Wash. 358, 235 Pac. 800.

[2] The clause of the will in question, hereinbefore quoted, states that the bequest of five hundred dollars to the appellant was ''for her kindness to and care of me for five years last past . . .'' This language does not conclusively show that the deceased had no knowledge of the claimed contract. And if she thought by this bequest to compensate the appellant for her services, five hundred dollars for five years of such service as the appellant rendered would appear to be far from adequate. It is inconceivable that the appellant or anyone else would have forsaken other employment to serve the deceased, to receive only the relatively meager compensation the will gave her. There was evidence that, during her lifetime, the deceased had promised the appellant to take care of the debt due under the contract; but death overtook her without her ever having done so. Considerable dissatisfaction was shown on the part of the appellant because of the failure of the deceased to make payment under the agreement. But the appellant also was a woman past middle age, a widow and apparently without independent means, she and the deceased seeming to have been quite attached to each other; and in view of this intimate friendship and the fact that the deceased recognized

the existence of her obligation and from time to time promised to take care of it, there is nothing unusual in the appellant's delay in presenting her claim or failing to bring an action for it during the lifetime of the deceased. It is true the appellant, in a letter returning thanks for a copy of the will sent her, said, apparently of the bequest to her, "I certainly appreciate it, being so kindly remembered," but her gratitude for a *gift* of five hundred dollars is natural enough, inasmuch as it is unlikely that she considered this to be a settlement under her contract. We do not think that any clear intention was shown to put the appellant to an election. *Smith v. Townshend,* 27 Md. 368, 92 Am. Dec. 637; *Hattersley v. Bissett,* 51 N. J. Eq. 597, 29 Atl. 187, 40 Am. St. 532; 28 R. C. L. 328.

"A receipt of money given by a will may be an election where such money is retained and where its payment can be referred only to the provisions of the will. A payment of money which might as well be referred to some other obligation, or to a gift, will not, of itself, constitute an election to take under the will." Page. on Wills (2d ed.), § 1207.

Relating to the effect of bequests to creditors of testators, it has been said:

"There is an old rule, founded upon a series of English equity precedents, which, to quote Judge Redfield's expression, seems still to maintain 'a kind of dying existence,' though whimsical and unsatisfactory: namely, that where a debtor bequeaths to his creditor a legacy equal to or greater than the amount of the debt, it shall be presumed, all other things being equal, that he meant the legacy should operate in satisfaction of the debt. Upon this presumption, supposing it available—and how unlikely it is that one should intend discharging, by way of favor, and on the contingency of his death, that which subsists as a legal obligation, regardless of that contingency or of his last wishes, and taking precedence of all legacies, a mo-

ment's reflection will show—the courts have engrafted various exceptions, often laying hold of little circumstances or expressions, as if to show a readiness to reverse the rule.'' Schouler on Wills, Executors and Administrators (6th ed.), Vol. 4, § 3182.

See, also, *Glover v. Patten*, 165 U. S. 394; *Winner v. Schucart*, 202 Mo. App. 176, 215 S. W. 905; *Mitchell v. Vest*, 157 Iowa 336, 136 N. W. 1054; *In re Dailey's Estate*, 143 Misc. Rep. 552, 89 N. Y. Supp. 538; *In re Arnton*, 106 App. Div. 326, 94 N. Y. Supp. 471.

The legacy was much less than the amount of the debt claimed, so there should be no presumption that it was intended to be in satisfaction of the debt. *Olsen v. Hagan*, 102 Wash. 321, 172 Pac. 1173; Page on Wills, § 1376.

''So where the legacy is smaller in amount than the debt, it will not be construed as a satisfaction of the debt.'' 28 R. C. L., p. 299; 40 Cyc. 1885 *et seq.; Reynolds v. Robinson*, 82 N. Y. 103, 37 Am. Rep. 555.

It does not appear that the services performed by the appellant for the deceased were given gratuitously; her claim was based on her five years of employment by the deceased, to be paid for at the rate of five hundred dollars a year, and it is not reasonable to suppose that, under the facts as they appear, the deceased was attempting to fully compensate the appellant for everything she had done by a legacy in the more or less arbitrary amount of five hundred dollars.

''Where a legacy is made, as in this case, to a person to whom wages are due, the judgment of the law is not that the legacy is made in payment of the wages, but that it is made out of a spirit of generosity as a gift. 'A legacy . . . made to a servant' shall not be deemed to be 'in compensation of his wages.' The utter inadequacy of the legacy in this case shows that it was not so intended; and we will do the memory of the decedent the justice to so believe.'' *Succession of Palmer*, 137 La. 190, 68 South. 405.

We conclude that the judgment should be, and it is, reversed, and the cause is remanded with direction to enter judgment upon the verdict of the jury.

FULLERTON, ASKREN, MAIN, and HOLCOMB, JJ., concur.