[No. 29174. Department Two. January 25, 1944.]

SIBYL MARCH LAUGHLIN, *Respondent*, v. F. M. MARCH, as *Executor, Appellant*.[1]

[1] Reported in 145 P. (2d) 546.

O. C. *Moore* and H. T. *Davenport*, for appellant.

*Witherspoon, Witherspoon & Kelley*, for respondent.

MALLERY, J.—This is an action on a claim filed against the estate of George K. March, which was disallowed by the executor. From a judgment in favor of the plaintiff, the executor appeals.

The respondent is the daughter of Helen Bogue March, deceased, and the stepdaughter of George K. March, deceased. Her mother died testate on December 31, 1919. The estate consisted entirely of community property. She devised all of her community interest to the respondent. The executrix named in the will having waived her right to serve, George K. March was appointed as administrator with the will annexed July 22, 1920. He filed an inventory of the estate in Spokane county but omitted personal property to the value of upwards of $83,000 upon which inheritance taxes were consequently never paid. The plaintiff

had nothing to do with the probate proceedings and is in no way chargeable with this.

Previously, and on April 21, 1920, George K. March made a will in which he devised one-half of his estate to the respondent. On the following day, George K. March and the respondent entered into the following contract and/or deed:

"IT IS HEREBY AGREED by and between GEORGE K. MARCH, of Spokane, Washington, first party, and SIBYL M. LAUGHLIN, of Spokane, Washington, second part,

"WITNESSETH:

"That in consideration of second party conveying to first party, all her interest in and to Lots Seven (7) and Eight (8), Block Eighty-six (86) of Second Addition to Railroad Addition to the Town of Spokane Falls (now City of Spokane), State of Washington, according to the recorded plat thereof, together with a strip of land eight (8) feet wide adjoining Lots 7 and 8 on the North, and all her interest in and to the personal property belonging to the estate of her deceased mother, first party hereby agrees to pay to second party the sum of One Hundred Dollars ($100.00) per month, on the 1st day of each and every month commencing May 1, 1920, for and during her natural life, and in case of her death within ten years from the date of this instrument, leaving issue of her body, said One Hundred Dollars ($100.00) per month to be paid for the benefit of said issue until the youngest child shall become twenty-five (25) years of age, and in consideration whereof said second party does hereby sell, assign and convey unto first party all her interest, right and title in and to all personal property of every nature, kind and description which she has any interest belonging to the estate of her deceased mother, except furniture, keep-sakes and personal effects of said deceased mother.

"IN WITNESS WHEREOF the parties hereto have hereunto subscribed their names this 22nd day of April, 1920.

GEORGE K. MARCH

SIBYL M. LAUGHLIN.

"State of Washington  } ss.
County of Spokane

"I, R. J. Danson, a Notary Public in and for the State of Washington, hereby certify that on this 22nd day of April, 1920, personally appeared before me George K. March and Sibyl M. Laughlin, to me known to be the individuals

described in and who executed the above and foregoing instrument, and acknowledged that they executed the same as their free and voluntary act and deed, for the uses and purposes therein mentioned.

"Given under my hand and official seal the day and year first above written. .

R. J. Danson

Notary Public for the State of

(Notary Public Seal)    Washington, residing at Spokane"

Pursuant to the terms of the contract, George K. March paid the respondent one hundred dollars per month until July 1, 1934, from that date until December, 1939, he paid her forty dollars per month, which payments were first applied to interest on the delinquent amounts and then on the principal. After January, 1940, he paid her twenty dollars per month, applied in the same manner, and after January, 1941, failed to make any further payments.

A breakdown of respondent's claim is as follows:

| | |
|---|---:|
| Payments due to and including payment due October 1, 1941, date of death of George K. March......... | $6,877.76 |
| Interest at 6% on unpaid payments to October 1, 1941 ..................................... | 370.18 |
| Amount due for life of Sibyl March Laughlin, born February 3, 1889, computed by Standard Annuity table and 3% interest................. | 20,850.07 |
| | $28,098.01 |

Appellant's assignments of error 1, 2, 5, 10, and 14 are on the ground of *res judicata* and estoppel. He relies upon the final order of distribution in the Helen Bogue March estate, more particularly the following paragraphs:

"4. That the only property belonging to said deceased, so far as your petitioner has been able to ascertain is that described in the inventory, as follows:

"("A")   Lots seven (7) and Eight (8) in Block eighty-six (86) of Second Addition to Railroad Addition to the Town of Spokane Falls (now Spokane), Washington,

"Appraised at ............................. $6,600.00

"("B")   South 21 feet of Lot two (2); All of lots three (3) Four (4) and Five (5); an undivided one-half interest in Lot fourteen (14), except the South 50 feet; The South

50 feet of Lot 14; All of Lot Fifteen (15) all in Block Nine (9) of Browne Park Addition to Spokane, being in Section 2, Township 24 North, Range 43 E. W. M. Spokane County, Washington.

"Appraised at ............................ 9,000.00

"("C") Lot Four (4), Block Two (2) Kaufman's Addition to Spokane County, Washington.

"Appraised at ............................ 1,200.00"

"9. That tract "A" described above has been conveyed by George K. March, the surviving husband of deceased, in his individual capacity, and the said Sibyl Sammis Laughlin to Maude L. Hebert, and the said tract is hereby distributed to the said Maude L. Hebert."

He contends that there was no personal property in the estate and that respondent conveyed her interest in the real estate to Maude L. Hebert, which results in a failure of consideration under the contract heretofore set out. He asserts that this is established by the decree of distribution and that respondent is estopped to deny it on the ground that it is *res judicata*. Appellant's citations support the principle of law that the order of distribution in probate has the effect of a judgment *in rem* and is binding and conclusive upon all the parties as to their interest *in the property distributed,* and upon all the world as well. With that rule we are in accord. Appellant asks us to go further and hold that the order of distribution is *res judicata* of matters *not contained in the order* and upon facts *not connected with the title to the property distributed.* That is not the law.

George K. March, as administrator, omitted the personal property from the inventory and petition for distribution, and that omission in the order of distribution is not *res judicata* and binding either upon the inheritance tax department or this respondent.

As to the real estate, the order of distribution is *res judicata.* as to the title of Maude L. Hebert in tract "A". It is not *res judicata* of the rights of the parties in the contract in question. The contract was sufficient to, and did, convey to George K. March the real estate therein described as well as the personal property in his possession. The

respondent's rights were fixed at that time. Three months after entering into the contract, George K. March secured his appointment as administrator with the will annexed. Manifestly, he relied on the contract as to his rights in the personal property, since it was not inventoried in the probate of the estate.

The ban of Rem. Rev. Stat., § 1211 [P. C. § 7722], prevented testimony regarding the exact nature of the real estate transaction had with Maude L. Hebert, but it can be said that there is no necessary inference from the record that invalidates the contract made with the respondent. This is especially true in the light of the long-time performance, under its terms, by George K. March. After the respondent established the contract and its partial performance, the burden was on appellant to show its invalidity. There was no rebuttal. These assignments of error must fail.

In the assignments of error Nos. 3, 4, 7, 8, and 9, the appellant contends that there was no proof of the execution and delivery of the contract or of a certain quitclaim deed in which respondent was grantor. The latter is of no significance, since it is dated after the respondent had conveyed her property to George K. March. As to the contract, and/or deed, the proof of its execution, by the identification of George K. March's signature and the acknowledgment, was sufficient. As to the contention that there was no proof of delivery of the instrument, it will be presumed from respondent's possession of it. See *Jackson v. Lamar*, 58 Wash. 383, 108 Pac. 946, and *Eves v. Roberts*, 96 Wash. 99, 164 Pac. 915.

Appellant next contends that the will executed April 21, 1920, and the contract executed April 22, 1922, cannot both be enforced and the respondent should be required to elect between them, since it is a fair inference that the testamentary provision was intended to supersede the contract at Mr. March's death.

"A legacy is not to be deemed a satisfaction of an indebtedness contracted with the legatee after the making of the

will." 86 A. L. R. 27. Also, see *Olsen v. Hagen*, 102 Wash. 321, 172 Pac. 1173, on rehearing, 105 Wash. 698, 178 Pac. 451; *Doty v. Spokane & Eastern Trust Co.*, 146 Wash. 95, 261 Pac. 788.

The judgment is affirmed.

SIMPSON, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.

[1]Reported in 145 P. (2d) 549.