Lamnrck, J.
The Court of Appeals, after a trial de novo, made 14 separate findings of fact and 5 conclusions of law on May 13, 1953.
Its tenth finding of fact reads as follows:
“10. That the reason and purpose Homer T. Wade and Edith M. Wade on September 2, 1939 and February 9, 1943 each executed mutual deeds to each other for their interests in said four parcels of real estate was to protect each other against any interference *297 from outsiders in the event of the death of either of them and for the reason that each wanted the other to have all the property after the death of the other.”
In its conclusions of law the Court of Appeals held that there had been a delivery of the decedent’s deeds to the wife but no delivery of her deeds to him.
The ultimate question to be determined in this case is whether there was a delivery of the four deeds executed by the decedent to his wife.
It is fundamental that, in order for a deed to be operative as a transfer of ownership of land or an interest or any estate therein, there must be a delivery of the instrument. It is the delivery that gives the instrument force and effect. Delivery imports transfer of possession or the right to possession of the instrument with the intent to pass title as a present transfer. It is essential to delivery that there not only be a voluntary delivery, but there must also be an acceptance thereof on the part of the grantee, with the mutual intention of the parties to pass title to the property described in the deed. See Baldwin v. Snowden, 11 Ohio St., 203, 78 Am. Dec., 303; Hoffman, Burneston & Co. v. Mackall, 5 Ohio St., 124, 64 Am. Dec., 637; Shirley v. Ayres, 14 Ohio, 307, 45 Am. Dec., 546; Lessee of Bentley’s Heirs v. Deforest, 2 Ohio, 221, 15 Am. Dec., 546; Dukes v. Spangler, 35 Ohio St., 119.
It is the general rule that there is a presumption of delivery arising from the possession of a deed by the named grantee. In the instant case, the wife had possession of the deeds after the decedent’s death and caused them to be recorded. But the mere manual transfer of a deed does not constitute delivery unless it is coupled with an intent of a present, immediate and unconditional conveyance of title:
In its fourteenth finding of fact, the Court of Appeals found that the decedent and his wife treated the real estate and the rents therefrom as belonging to *298 both of them before and after the execution of the mutual deeds, and that this situation continued until the decedent’s death. It is inconsistent with the theory of intentional delivery effectual to pass title for a grantor to continue to exercise acts of ownership of property purported to be conveyed. See 16 American Jurisprudence, 513, Section 133.
The evidence in this case also shows, and the Court of Appeals found, that the decedent had full access to the box in which the deeds in question were deposited. The fact that he took some deeds from the box and destroyed them indicates that he had power and control over all the deeds executed by Mm and Ms wife. If a grantor retains the right to control or reclaim a deed, there is no delivery, even though the grantor never exercises his right to control or reclaim. See Cox v. McCartney, 34 Tenn. App., 235, 236 S. W. (2d), 736.
The mutual deeds of the decedent and his wife in the instant case were intended to be testamentary in character and were conditioned on survivorship. Only those to the survivor were to be effective. There was no present, immediate and unconditional conveyance of title. Each purported to convey the whole title of each to the other. If the deeds had been filed for record at the same time they were executed, the deeds of the wife would have cancelled those of the decedent. The title would have been unaffected:
In Eves v. Roberts, 96 Wash., 99, 164 P., 915, the syllabus reads in part as follows:
“Where a husband and wife simultaneously executed deeds of property to each other, with intent to pass title to the survivor only upon the death of one of them, there is no presumption of delivery from the fact of possession of the deed but actual delivery with intent to make the deed presently operative must be shown in order to pass title, as against heirs.”
*299 To the same effect is the following portion of the syllabus in Bloor v. Bloor, 105 Wash., 110, 177 P., 722:
“Sufficient delivery of a deed is not shown by placing it in escrow with a third party, if it was still in the control of the grantor and there was no present intention to part with title.
“Since simultaneous deeds of community property by husband and wife to each other, placed in escrow to be delivered to the survivor on the death of either, take effect presently, if at all, and since they negative one another, there can be no effective delivery.”
A husband and wife may not execute mutual deeds to each other for property which they own as tenants in common, with intent to pass title to the survivor only upon the death of one of them, as a device to avoid estate administration or as a substitute for a will or to circumvent the jurisdiction of the Probate Court. The deeds in question in this case were intended to be testamentary in character, and there was no giving of the deeds by the husband and the acceptance thereof by the wife with a present, immediate and unconditional conveyance of title from one to the other.
The judgment of the Court of Appeals is reversed and this cause is remanded to the Court of Common Pleas for further proceedings in accordance with this opinion.

Judgment reversed.

Middleton, Taft, Hart and Stewart, JJ., concur.
Zimmerman, J., dissents.
Weygandt, C. J., not participating.