[No. 34821.   Department One.   January 8, 1959.]

*In the Matter of the Estate of* GEORGE F. PRICE, *Deceased, and* MINERVA G. PRICE *et al., Respondents, v.* PANSY L. PRICE, *Individually and as Administratrix of the Estate of* DENNIS A. PRICE, *Deceased, et al., Appellants.*[1]

[1]Reported in 333 P. (2d) 929.

*Gose, Williams & Gose,* for appellants.

*John D. MacGillivray, V. E. Billow,* and *Willard W. Jones,* for respondents.

MALLERY, J.—On January 1, 1941, George F. Price and his son, Dennis, entered into a farming partnership. The father furnished the land, equipment, initial stock and capital, and the son furnished the labor and management. They divided the profits and losses equally, excepting that the partnership was to pay certain encumbrances on the land. On June 26, 1948, the father died intestate leaving his wife,

Minerva, his son, Dennis, and his daughter, Elizabeth P. Ankeny, as his surviving heirs.

Upon petition of the surviving spouse, the son was appointed administrator of the estate and, with the knowledge and tacit acquiescence of the remaining heirs, continued to operate the farm as before. They even continued to maintain a single common bank account upon which everyone wrote checks for personal, farming, and probate purposes.

The son did not, in any of the probate proceedings, indicate the existence of the partnership. On January 19, 1951, after a waiver of a formal accounting by the remaining heirs, the son caused to be entered a final decree of distribution, which purported to distribute all of the father's estate.

On October 20, 1951, the son died leaving his wife, Pansy L. Price, and two minor children as his surviving heirs. At that time, he had not been discharged as administrator of the estate of his father, nor had he filed any receipts showing that the heirs had received their distributive shares of the property from the estate.

Subsequently, the other heirs of the father brought this action. From the judgment entered therein, the son's wife, Pansy L. Price, and her two minor children appeal. The father's heirs cross-appeal, but they will be hereinafter referred to as the respondents.

Respondents contend the trial court erred in admitting any evidence as to a partnership interest in the property in the estate, and in finding that the son had a partnership interest therein. They contend that a partnership interest is not within the pleadings and is a collateral attack on the decree of distribution. Had the trial court acceded to this theory, it could never have reached the unusual facts determinative of the merits of the case.

■ The son filed an inventory and appraisement, which recited that it included all of the father's estate. However, certain items of personal property, which are involved in this action, were not included therein. The decree of distribution, which included only the property listed in the inventory, is final and conclusive as to the status of

the property included therein, but it is not determinative of the status of property not so included. See *Laughlin v. March,* 19 Wn. (2d) 868, 145 P. (2d) 546. This made it necessary for the trial court to receive evidence as to the title of property not included in the decree. A determination as to the conflicting interests herein could not be made without such evidence.

The trial court's findings of fact and memorandum decision reveal that its decision rested on three ultimate facts, which are supported by the record and are determinative of this action. They are: (1) The property included in the decree of distribution is estate property; (2) the property not so included is partnership property; and (3) the parties intended to continue to operate the farm as before until the encumbrances on the land could be paid. Therefore, the status of all of the property in question is fixed as of January 19, 1951, the date of the decree of distribution, and, to determine the respective interests of the parties, it is only necessary to trace the property during the period subsequent to that date.

In allocating items during that period, any gain realized from the sale or transfer of any estate property would, of course, accrue to the estate. Any profit resulting from the farm operation, within the scope of the partnership arrangement, would be partnership property.

■ The trial court held that the growing crops at the date of the decree of distribution were estate, as distinguished from partnership, property. This was error in view of the trial court's finding, which is supported by the record, that the parties knew of and tacitly acquiesced in the son continuing to operate the farm as before until the outstanding mortgages on the land could be paid. The last mortgage indebtedness was not paid until August, 1951.

■ Both the estate and the son must, therefore, share in the profits and losses of the operation of the partnership subsequent to the decree of distribution up to the death of the son, that is, between January 19, 1951, and October 21, 1951.

This ruling necessitates a discussion of farm profits *prior* to the date of the decree of distribution, although they are not in issue here. In computing those profits, the trial court charged the partnership with *rental* for the land and equipment. It was the use of the land and equipment which the father contributed to the partnership and, of course, a rental charge for it was not intended by the parties to this action. The trial court was correct, however, in treating the encumbrances on the land as partnership debts without allowing the partnership any resulting interest therein. This was in accord with the intent of the parties as revealed by their accounting procedures.

Each of the father's heirs made cash withdrawals from the common bank account between the date of the father's death and the date of the decree of distribution. The trial court treated these withdrawals as coming from the estate of the father, rather than from the partnership funds. This was error.

The estate assets were inventoried at a total value of $206,456, but at the time of the decree of distribution they had increased to a total value of $219,126.41. Since there was no profit from the estate as such, the increase must be attributed to the profits from the operation of the farm in accord with the intent of the heirs to continue the partnership arrangement. The cash withdrawals must necessarily have come from partnership profits. Accordingly, they must be accounted for.

The son ceased to actively manage the farm on July 10, 1951, after most of the labor and management necessary to produce the 1951 crop had been already performed. The extra expense incurred after July 10, 1951, to replace the labor and management by the son, is properly chargeable against his partnership profit for the 1951 crop.

The trial court found that between January 19, 1951, and July 10, 1951, the son withdrew moneys and property in the amount of $35,535.74 in excess of his net share in the estate property and income. This was error for the reason that in its computation the trial court applied partnership debts and assets as if they were estate items, and

for the further reason that it did not take into account the 1951 crop nor the total of the estate assets available for distribution.

■ Appellants assign error to the trial court's disallowance of an administrator's fee to be paid to the son. The record herein reveals that the son did not conduct the administration of the father's estate according to law. His services primarily consisted of his operation of the farm for which he receives his partnership share of the profits. His services to the estate, as such, were only to the extent that they were inextricably commingled with the operation of the farm. The trial court was correct in disallowing an administrator's fee under the circumstances.

■ Appellants assign error to the trial court's allowance of accounting fees in the amount of $2,349.90 to be paid to the firm of Batty & Forsgren. The trial court's finding that the firm's services were of a reasonable value of $2,500 is supported by the record. It was not error to allow payment of the fee.

The assignments of error, which we have allowed, require a modification of the judgment. The cause is remanded to the trial court to make new findings of fact, conclusions of law, and enter a modified judgment in accord with this opinion.

It is so ordered. Neither party will recover their costs.

HILL, C. J., FINLEY, OTT, and HUNTER, JJ., concur.

April 21, 1959. Petitions for rehearing denied.